IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JACKSON, ) | |
| ) | |
| PLAINITFF, ) | |
| ) | |
| ) | |
| ) | CASE NO. 2:07cv111 |
| THE CITY OF PITTSBURGH, PENNSYLVANIA ) | |
| ) | |
| ) | JUDGE THOMAS M. HARDIMAN |
| ) | |
| AND ) | |
| ) | |
| ALLEGHENY COUNTY, PENNSYLVANIA ) | |
| ) | FIRST AMENDED COMPLAINT |
| ) | |
| ) | TYPE: CIVIL RIGHTS VIOLATIONS |
| ) | |
| AND ) | |
| ) | |
| TIMOTHY KREGER ) | |
| INDIVIDUALLY AND AS AN AGENT OF ) | |
| THE CITY OF PITTSBURGH, PA ) | |
| ) | |
| ) | |
| AND ) | |
| ) | |
| ERIC HOLMES ) | |
| INDIVIDUALLY AND AS AN AGENT OF ) | |
| THE CITY OF PITTSBURGH, PA ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| AND ) | |
| ) | |
| MARK GOOB ) | |
| INDIVIDUALLY AND AS AN AGENT OF ) | |
| THE CITY OF PITTSBURGH, PA ) | |
| ) | |
| ) | |
| ) | |

|  |  |
|---|---|
| AND | ) |
|  | ) |
| JAMES JOYCE | ) |
| INDIVIDUALLY AND AS AN AGENT OF | ) |
| THE CITY OF PITTSBURGH, PA | ) |
|  | ) |
|  | ) |
|  | ) |
| AND | ) |
|  | ) |
| TERRY COLLINGS | ) |
| INDIVIDUALLY AND AS AN AGENT OF | ) |
| THE COUNTY OF ALLEGHENY, PA | ) |
|  | ) |
| DEFENDANTS. | ) |

## COMPLAINT

PLAINTIFF, CHARLES JACKSON (hereinafter "Mr. Jackson"), for his First Amended Complaint against Defendant(s), states as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

2. The jurisdiction of this Court is predicated on 28 U.S. C. § 1331 and 1342(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

3. Venue is placed in the United States District Court for the Western District of Pennsylvania because it is where all parties reside and where the events complained of occurred.

## PARTIES

4. At all times relevant, MR. JACKSON, was a resident of 536 North Fairmont Street, Pittsburgh, PA 15206.

5. At all times relevant, Defendant, THE CITY OF PITTSBURGH, PENNSYLVANIA (hereinafter "Pittsburgh") was a Pennsylvania Municipal Corporation responsible for the care, control and conduct of the City of Pittsburgh Police Department, including all undercover units.

6. At all times relevant, Defendant, THE COUNTY OF ALLEGHENY, PENNSYLVANIA (hereinafter "Allegheny County") was a Pennsylvania Municipal Corporation and the operator of the Allegheny County Jail.

7. At all times relevant, Defendant, TIMOTHY KREGER (hereinafter "Kreger") was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Pittsburgh.

8. At all times relevant, Defendant, ERIC HOLMES (hereinafter "Holmes"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Pittsburgh.

9. At all times relevant, Defendant, MARK GOOB (hereinafter "Goob"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Pittsburgh.

10. At all times relevant, Defendant, JAMES JOYCE (hereinafter "Joyce"), was acting under color of law as a police officer, and in such capacity, as the agent, servant and employee of Pittsburgh.

11. At all times relevant, upon information and belief, Defendant, TERRY COLLINGS (hereinafter "Collings"), was acting under color of law as the agent, servant and employee of Allegheny County.

## FACTUAL ALLEGATIONS

12. Mr. Jackson re-alleges each and every allegation contained in paragraphs 1-11 as if fully re-written herein.

13. On or about November 2, 2001, at approximately 9:30 p.m., an un-marked police car executed a stop of the Nissan 300ZX Mr. Jackson was lawfully operating on his way to a Friday Night Bowling League in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania.

14. Defendants, Kreger, Holmes, Goob and Joyce, were all traveling in the un-marked police cruiser, and upon information and belief, all were operating in their capacity as undercover narcotics officers for Pittsburgh at the time of the traffic stop.

15. After effecting the stop, the four officers exited their vehicle and converged on Mr. Jackson's vehicle, guns drawn.

16. Kreger, badge number 3308, instructed Mr. Jackson to turn off his engine and ordered him to exit the vehicle. Mr. Jackson complied.

17. Mr. Jackson was frisked upon exiting his car. Mr. Jackson did not have any weapon and/or contraband found on his person.

18. Mr. Jackson was directed to the rear of his vehicle and ordered to place his hands on the trunk.

19. Kreger and one other defendant then conducted a search of Mr. Jackson's vehicle without Mr. Jackson's permission, a search warrant, an arrest and/or probable cause of any offense of any kind.

20. Despite three (3) separate illegal searches, the Defendants did not find any contraband of any kind within Mr. Jackson's vehicle.

21. When Mr. Jackson inquired why he had been pulled over, he was told it was because, "You are a known drug dealer."

22. At that point, Holmes grabbed Mr. Jackson from behind and held him as Kreger struck Mr. Jackson in the throat with his fist.

23. Mr. Jackson was then thrown to the ground and handcuffed.

24. While being cuffed, face down in the middle of a wet street, Kreger used his knuckles to apply pressure to Mr. Jackson's left eyeball. Kreger also kicked Mr. Jackson in the face on several occasions, causing a gash to the right of Mr. Jackson's cheekbone.

25. Mr. Jackson thereafter complained of dizziness to his attackers and requested he be transported to a hospital for medical treatment. His request was flatly denied.

26. Neither Goob, nor Holmes, nor Joyce did anything to prevent Kreger from attacking Mr. Jackson and/or provide medical assistance to Mr. Jackson following Kreger's assault.

27. Mr. Jackson was then transported to the Allegheny County Jail by Kreger, Holmes, Goob and Joyce.

28. Upon his arrival at the Allegheny County Jail, as well as several times thereafter, Mr. Jackson requested that Allegheny County employees, including but not limited to Collings, seek medical attention for his cut and dizziness. All employees of Allegheny County refused to provide and/or seek medical attention for Mr. Jackson, however.

29. Mr. Jackson was wrongfully incarcerated until November 3, 2001.

30. Upon his release from the Allegheny County Jail, Mr. Jackson immediately, and for the first time, sought medical attention for his injuries at the Emergency Room of West Penn Hospital.

31. When Mr. Jackson later went to retrieve his Nissan 300ZX from impound, he found the car's interior had been cut and horribly damaged by subsequent police searches.

32. On December 6, 2001, a preliminary hearing was held upon the baseless charges Kreger, Holmes, Goob, Joyce and Pittsburgh brought against Mr. Jackson. The Court, however, found no probable cause of any crime whatsoever and dismissed all charges against Mr. Jackson.

33. As the parties were exiting the court proceeding, Kreger yelled, "Next time, I am going to shoot him!"

34. A complaint against the conduct of Kreger, Holmes, Goob and Joyce was filed with Pittsburgh. The complaint, however, was largely ignored, not fully investigated and was ultimately closed by Pittsburgh's OMI. During this its investigation, Pittsburgh's OMI, lost data, documents and

photographs Mr. Jackson supplied in support of his complaint. These items have never been located and/or returned and/or an explanation of their loss provided.

## COUNT I

### (Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983)

35. Mr. Jackson re-alleges each and every allegation contained in paragraphs 1-34 as if fully re-written herein.

36. This cause of action is brought by Mr. Jackson, against Defendants, Pittsburgh and Allegheny County, for deprivation by its agents, servants, or employees namely, Defendants, Kreger, Holmes, Goob, Joyce and Collings, of Constitutional rights within the meaning of 42 U.S.C. § 1983.

37. Defendants Kreger, Holmes, Goob, Joyce and Collings, were acting under the color of law, as authorized agents of Defendants Pittsburgh and Allegheny County, while arresting Mr. Jackson in the furtherance of their duties.

38. The constitutional deprivations caused by Defendants, Pittsburgh and Allegheny County, include numerous areas of deliberate indifference as outlined in 1 through 34 above including, but not limited to:

a) The custom of condoning alleged instances of police brutality without punishing its officers. The above mentioned actions were not isolated incidents. Defendant Pittsburgh has a history of police brutality. Defendant Pittsburgh permitted and tolerated the practice of unjustified and unreasonable uses of excessive force by its officers under the color of law.

b) The failure to have officers appropriately trained in the proper interdiction procedures for vehicles. These failures lead to constitutional violations being perpetrated upon the citizenry.

c)   The failure to have clear policies, customs and practices that require plain clothed police officers to identify themselves as such to members of the public to prevent said public from believing the officers are criminals. Such misidentification allows the citizenry to panic and cause an unnecessary escalation of events, leading to constitutional violations upon the citizenry.

d)   The unconstitutional, warrant-less search of Mr. Jackson's vehicle, not otherwise permitted under a recognized exception to the requirements of the Fourth Amendment of the United States Constitution.

e)   The failure to provide necessary and requested medical treatment to Mr. Jackson.

f)   The false arrest and imprisonment of Mr. Jackson without probable cause.

g)   The taking and destruction of personal property without due process of law.

39.  The above described actions of Kreger, Holmes, Goob, Joyce and Collings, the policies of Defendant Pittsburgh and Allegheny County, and the practices condoning the use of excessive force of its agents, servants, or employees of Defendant COUNTY, deprived Mr. Jackson of his rights and privileges as guaranteed under the Fourth, and Fourteenth Amendments to the United States Constitution.

40.  Defendants Kreger, Holmes, Goob, Joyce and Collings, violated PLAINTIFFS' civil rights by brutalizing and inflicting severe injury Mr. Jackson under the color of law with force that was grossly disproportionate in relation to the need for action, and thereafter denying him necessary medical treatment. The intentional, willful and wanton acts of Defendants, Kreger, Holmes, Goob, Joyce and Collings , establishes a claim for punitive damages by Mr. Jackson jointly and severally against all Defendants.

7

41. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants, jointly and severally, while agents, servants, or employees of Defendants Pittsburgh and Allegheny County, the unconstitutional police customs and practices of Defendant Pittsburgh and Allegheny County, Mr. Jackson sustained severe physical injury, causing humiliation, emotional distress, pain and suffering, has incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses.

42. WHEREFORE, Mr. Jackson, respectfully demands this Honorable Court grant the following relief against the Defendants:

   A. Award compensatory damages,

   B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

   C. Award reasonable punitive damages; and

   D. Award such other and further relief, whether at law or at equity, as this Honorable Court deems just.

## COUNT II

### (Conspiracy to Interfere with Civil Rights In Violation of 42 U.S.C. §1983)

43. Mr. Jackson re-alleges each and every allegation contained in Paragraphs 1 through 42 as if fully re-written herein.

44. This cause of action is brought by against Defendants, Pittsburgh, Kreger, Holmes, Goob, and Joyce for conspiracy to interfere with Mr. Jackson's Constitutional rights to be free from unjustified and excessive force utilized by police officers, as guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution.

45. Defendants, Kreger, Holmes, Goob, and Joyce entered into an agreement for the purpose of depriving Mr. Jackson of his Constitutionally protected rights by utilizing excessive use of force while acting under color of law in their capacity as police officers employed by Defendant Pittsburgh.

46. Each of the Defendants, Pittsburgh, Kreger, Holmes, Goob, and Joyce, have knowledge of the nature and scope of the agreement and agreed to fabricate an official version of events to conceal their constitutional violations of Mr. Jackson.

47. In furtherance of the conspiracy, Pittsburgh, Kreger, Holmes, Goob, and Joyce inflicted severe injury upon Mr. Jackson, while exercising their official authority under the color of law.

48. The acts of Defendants Pittsburgh, Kreger, Holmes, Goob, and Joyce were part of an on-going practice of the conspirators to utilize excessive use of force with full knowledge that their actions would be exonerated by Defendant Pittsburgh.

49. The acts of Defendants Pittsburgh, Kreger, Holmes, Goob, and Joyce were carried out for the very purpose of depriving Mr. Jackson the equal protection of the laws and/or equal privileges and immunities under the law, as well as to expressly violate Mr. Jackson's rights to be free from unreasonable search and seizure, from excessive force as defined in the Fourth Amendment of the United States Constitution.

50. As a direct and proximate consequence of the conspiracy of Defendants Pittsburgh, Kreger, Holmes, Goob, and Joyce sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred substantial medical and other out-of-expenses, and will continue to incur medical expenses.

51. WHEREFORE, Mr. Jackson respectfully demands that this Honorable Court grant the following relief against the Defendants Pittsburgh, Kreger, Holmes, Goob, and Joyce:

   A. Award compensatory damages,

   B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

   C. Award reasonable punitive damages; and

   D. Award such other and further relief, whether at law or at equity, as this Honorable court deems just.

## COUNT III

### (Violation of Civil Rights While Acting Under The Color of Law 42 U.S.C. § 1983 - Allegheny County)

52. Mr. Jackson re-alleges each and every allegation contained in Paragraphs 1 through 51 as if fully re-written herein.

53. This cause of action is brought against Defendant Allegheny County for its willful, wanton and malicious refusal to provide necessary medical treatment to Mr. Jackson under color of law that deprived Mr. Jackson of constitutionally protected rights under the Fourteenth Amendment to the United States Constitution.

54. Defendant Allegheny County violated Title 42 U.S.C. § 1983 refusing to provide necessary medical treatment to Mr. Jackson while in Allegheny County's custody and control following the severe beating Mr. Jackson was made to suffer at the hands of Defendants, Kreger, Holmes, Goob, and Joyce as set forth above.

55. Defendant Collings, while acting in his capacity as an agent and/or employee of Allegheny County and under the color of law, did willfully, maliciously and intentionally deny Mr. Jackson necessary medical treatment for his injuries and did so for nearly three (3) days.

56. WHEREFORE, Mr. Jackson respectfully demands that this Honorable Court grant the following relief against the Defendants Allegheny County and Collings, jointly and severally:

   A. Award compensatory damages,

   B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

   C. Award reasonable punitive damages; and

   D. Award such other and further relief, whether at law or at equity, as this Honorable court deems just.

## COUNT VI

### (Violation of Civil Rights While Acting Under The Color of Law for Failure to Intervene Under 42 U.S.C. § 1983)

57. Mr. Jackson re-alleges each and every allegation contained in Paragraphs 1 through 56 as if fully re-written herein.

58. This cause of action is brought against Defendants Holmes, Goob, and Joyce for their failure to intervene to prevent fellow officer, Defendant Kreger, from violating Mr. Jackson's Constitutional rights. Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and fails to take reasonable steps to protect the victim of another officer's use of excessive force.

59. Defendants, Holmes, Goob, and Joyce, failed to prevent excessive force from being committed against Mr. Jackson when they had a reasonable opportunity to do so. The Defendants failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983. The intentional, willful and wanton acts of Defendants, Holmes, Goob, and Joyce, establishes a claim for punitive damages against said Defendants.

60. WHEREFORE, Mr. Jackson respectfully demands that this Honorable Court grant the following relief against the Defendants Allegheny County and Collings, jointly and severally:

   A. Award compensatory damages,

   B. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

   C. Award reasonable punitive damages; and

   D. Award such other and further relief, whether at law or at equity, as this Honorable court deems just.

## COUNT VII

### (Assault and Battery)

61. Mr. Jackson re-alleges each and every allegation contained in Paragraphs 1 through 60 as if fully re-written herein.

62. Defendant Pittsburgh, through its employees, Kreger, Goob, Holmes and Joyce, intentionally caused bodily harm to Mr. Jackson by using potentially deadly force upon his person, slamming Mr. Jackson's body and face into the ground and stomping him with their feet.

63. The actions of Kreger, Goob, Holmes and Joyce arouse fear in the person of Mr. Jackson. The aforementioned assault and battery was accomplished without the consent and against the will of Mr. Jackson.

64. Defendant, Pittsburgh, is vicariously liable for the tortuous acts of its employees that were committed within the scope and furtherance of their employment.

65. As a direct and proximate consequence of the acts of Pittsburgh, through its employees, Kreger, Goob, Holmes and Joyce, Mr. Jackson sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred substantial medical and other out-of-pocket expenses, and will continue to incur medical expenses.

66. WHEREFORE, Mr. Jackson requests that this Honorable Court grant the following relief against the Defendants, jointly and severally:

   A.   Award compensatory damages,

   B.   Award such other and further relief, whether at law or equity, as this Honorable Court

   deems just.

## COUNT IX

### (MALICIOUS PROSECUTION)

67. Jackson re-alleges each and every allegation contained in Paragraphs 1 through 66 as if fully re-written herein.

68. Mr. Jackson was arrested on or about November 1, 2001, and falsely charged with several counts based on the sworn statements of Kreger, Goob, Holmes and Joyce. The false testimony of these

defendants placed caused legal proceedings to be instituted by the Commonwealth of Pennsylvania against Mr. Jackson.

69. These legal proceedings were instituted by the Defendants through their false statements in arrest affidavits, internal affairs investigations, and through pre-trial conference testimony with the Prosecuting Attorney's Office. Mr. Jackson was placed in legal jeopardy by being subjected to a preliminary hearing.

70. After the hearing all the testimony and evidence presented on said charge(s), the Court dismissed all charges pending against Mr. Jackson, finding no probable cause of the offenses alleged.

71. The entire proceeding instituted against Mr. Jackson lacked probable cause and was based entirely on fabricated testimony of sworn officers of the law namely, Kreger, Goob, Holmes and/or Joyce.

72. The institution of the criminal proceeding against Mr. Jackson was done with malice and designed to put Mr. Jackson in prison for a crime he never committed, as well as to cover up the wrongful actions of all Defendants named herein.

73. The malicious prosecution of Mr. Jackson by Pittsburgh and Allegheny County caused Mr. Jackson to be incarcerated pre-trial without bond for a period of approximately three (3) days and face the possibility of a long prison term, extensive mental and emotional damage, and damage to Mr. Jackson reputation.

74. WHEREFORE, Mr. Jackson respectfully demands that this Honorable Court grant the following relief against the Defendants, jointly and severally:

    A.    Award compensatory damages,

B.	Award such other and further relief as this Honorable Court deems just.

                                              Respectfully submitted,

                                              _____
                                              Charles Jackson, *Pro Se*
                                              536 N. Fairmont Street
                                              Pittsburgh, PA  15206
                                              (412) 670-9655

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*
Charles Jackson, *Pro Se*
536 N. Fairmont Street
Pittsburgh, PA  15206
(412) 670-9655

## Certificate of Service

I, Charles Jackson, certify that a true and correct copy of the foregoing First Amended Complaint was served upon the parties below via fax and regular U.S. Mail on this 26th day of February, 2007.

Lawrence H. Baumiller, Esq.
Assistant City Solicitor
City of Pittsburgh
Department of Law
Firm 046
313 City-County Building
414 Grant Street
Pittsburgh, PA  15219

*Counsel for the City of Pittsburgh*

A. Bryan Campbell, Esq.
220 Grant Street, 6th Floor
Pittsburgh, PA  15219

*Counsel for Timothy Kreger,
Eric Holmes, Mark Goob,
James Joyce and Terry
Collings*

Respectfully submitted,

_____
Charles Jackson, *Pro Se*
536 N. Fairmont Street
Pittsburgh, PA  15206
(412) 670-9655