IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-111 |
| | ) | |
| THE CITY OF PITTSBURGH, a PA Municipal Corporation, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

AND NOW, this 31st day of August, 2007, upon consideration of Plaintiff's Response [DE 15] to this Court's July 5, 2007 Order [DE 11], instructing the Plaintiff to show good cause why the Court should not dismiss, without prejudice, his Amended Complaint as to Defendant County of Allegheny, Pennsylvania only, for failure to make service on said Defendant within 120 days of filing his Amended Complaint pursuant to Federal Rule of Civil Procedure 4, as well as Plaintiff's representations during this Court's Case Management Conference held August 31, 2007, the Court finds the following:

An extension of time under Rule 4(m) requires a two-step inquiry, and even if good cause does not exist, the district court must consider whether to grant a discretionary extension of time. *Thompson v. Sears, Roebuck and Co.*, No. Civ. A. 04-5342, 2006 WL 573796, at *3 (E.D. Pa. March 3, 2006). Pursuant to Federal Rule of Civil Procedure 4(m) as well as interpreting case law, the Court finds that "good cause" exists as to why the Plaintiff did not serve Defendant County of Allegheny, Pennsylvania within 120 days of filing his Amended Complaint in that the Plaintiff established that he made reasonable efforts to effectuate service and the Court sees no prejudice as

to any Defendant, *see Bailey v. Harleysville Nat. Bank & Trust Co.*, 2005 WL 174843, *1 (E.D. Pa. 2005) (citations omitted) (providing that, in determining good cause, courts consider: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve"). Because the Plaintiff showed good cause, the Court extends the time for service upon Defendant County of Allegheny, Pennsylvania. *See* Fed.R.Civ.P. 4(m) (providing "that if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period") (emphasis added); *Thompson*, 2006 WL 573796, at *2 (citing *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d. Cir.1998) ("The Third Circuit has required courts to extend time for service under Rule 4(m) where the plaintiff demonstrates good cause"). Finally, while Plaintiff's *pro se* status provides no exception to compliance with the Federal Rules of Civil Procedure, the Court takes his status into consideration, which weighs in favor of the Court using its discretion and granting an extension.

Accordingly, the Plaintiff shall have 30 days, or on or before October 1, 2007, to properly serve Defendant County of Allegheny, Pennsylvania, *and* file a proof of service with this Court, in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court. An appropriate order to follow.

                                            s/ Nora Barry Fischer
                                            Nora Barry Fischer
                                            United States District Judge

cc:    All counsel of record.