# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF PITTSBURGH, )<br>PENNSYLVANIA, TIMOTHY KREGER, )<br>MARK GOOB, JAMES JOYCE, )<br>GREGORY WOODHALL, )<br>)<br>Defendants. ) | Civil Action No. 07-111<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

I.  INTRODUCTION

This is a civil rights case brought by Plaintiff, Charles Jackson, against Defendants, the City of Pittsburgh, Pennsylvania, Timothy Kreger, Mark Goob, James Joyce and Gregory Woodhall, arising from the officers' arrest of Plaintiff on November 2, 2001 and subsequent incarceration after a traffic stop in the Homewood section of Pittsburgh.[1] Presently before the Court are motions from both parties requesting pretrial rulings as to the admissibility of the Plaintiff Charles Jackson's prior convictions at the trial of his § 1983 claims against the City of Pittsburgh and four city police officers. (Docket Nos. 124, 125, 133, 134, 143, 144, 146, 148). Upon consideration of the parties' submissions and after hearing oral argument from counsel as to same at the Pretrial Conference held on June 16, 2010, it is hereby ordered that Plaintiff's motion is granted, in part, and denied, in part,

---

[1] A more detailed factual summary of the events of this case can be found in the Court's Memorandum Opinion on Defendants' motion for summary judgment. (*See* Docket No. 98).

1

and Defendants' motion is granted.

II.     BACKGROUND

Plaintiff intends to testify at trial and, given the factual circumstances of this case, he is the only witness able to substantiate many of his claims. Defendants seek to impeach his credibility with his prior criminal convictions at trial. Plaintiff's prior convictions at issue are as follows:

- September 11, 1990, pled guilty to engaging in receiving stolen property under 18 Pa.C.S. § 3925;

- September 11, 1990, pled guilty to theft by unlawful taking under 18 Pa.C.S. § 3921;

- May 23, 2005, pled *nolo contendere* to criminal mischief under 18 Pa.C.S. § 3304(a)(3) due to forgery of a deed;

- December 6, 2007, found guilty of attempted theft by deception under 18 Pa.C.S. § 3922;

- December 6, 2007, found guilty of attempted retail theft under 18 Pa.C.S. § 3929; and,

- December 6, 2007, drug trafficking convictions for which he is presently incarcerated.

III.    LEGAL STANDARD

Rule 608(b)[2] of the Federal Rules of Evidence generally prevents the admissibility of

---

2

Rule 608(b) provides that:

(b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, *other than conviction of crime as provided in rule 609*, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or

specific instances of conduct for the purpose of attacking or supporting the character of a witness. FED.R.EVID. 608. Pertinent here, Rule 609(a)[3] contains exceptions to this general rule; permitting the introduction of a prior conviction of a witness "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted," FED.R.EVID. 609(a)(1), and if the "crime required proof or admission of an act of dishonesty or false statements," FED.R.EVID. 609(a)(2). The United States Court of Appeals for the Third Circuit has

---

> untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
>
> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.

FED. R. EVID. 608(b)(emphasis added).

[3]
Rule 609(a) provides that:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

FED. R. EVID. 609(a).

held that "Rule 609(a) differentiates on its face between convictions for crimes punishable by imprisonment of more than one year, which are admissible under 609(a)(1), and convictions for *crimen falsi*, which are admissible under 609(a)(2)." *United States v. Wong*, 703 F.2d 65, 67 (3d Cir. 1983). "The former may be admitted only if the trial court determines that their probative value outweighs their prejudicial effect. The latter simply 'shall be admitted.'" *Id*. (quoting FED.R.EVID. 609(a)(2)). Further, "if the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value." *Walker v. Horn*, 385 F.3d 321, 333 (3d Cir. 2004)(quoting *Walden v. Georgia-Pacific Corp*., 126 F.3d 506, 523 (3d Cir.1997)). "Because Rule 609(a)(2) does not permit the district court to engage in balancing, ... Rule 609(a)(2) must be construed narrowly to apply only to those crimes that bear on a witness' propensity to testify truthfully." *Id*. This rule, however, does not extend to remote crimes. Rule 609(b) provides that:

> evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

FED.R.EVID. 609(b).

IV. DISCUSSION

    A. *Crimen Falsi Crimes*

The threshold issue before this Court is whether Plaintiff's prior convictions constitute *crimen falsi* crimes. Some of his prior convictions clearly involved dishonesty or false statements and require little discussion, including his prior convictions of attempted theft by deception under

4

18 Pa.C.S. § 3922[4] and of criminal mischief under 18 Pa.C.S. § 3304(a)(3)[5] due to forgery of a deed. Thus, pursuant to Rule 609(a)(2), these prior crimes shall be admitted if used to impeach Plaintiff at trial. To this end, the Court is not persuaded by Plaintiff's hollow argument that his *nolo contendere* plea takes this crime out of consideration for Rule 609(a)(2) purposes. The plain language of Rule 609(a)(2) requires that such conviction be admitted to impeach Plaintiff's

---

[4]

Section 3922 of the Pennsylvania Crimes Code provides that:

> (a) OFFENSE DEFINED. --A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
> (2) prevents another from acquiring information which would affect his judgment of a transaction; or
> (3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.
> (b) EXCEPTION. --The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

18 Pa.C.S. § 3922.

[5]

Section 3304(a)(3) provides that:

> (a) OFFENSE DEFINED.-- A person is guilty of criminal mischief if he:
> ...
> (3) intentionally or recklessly causes another to suffer pecuniary loss by deception or threat.

18 Pa.C.S. § 3304(a)(3).

credibility.

As to Plaintiff's prior conviction of attempted retail theft under 18 Pa.C.S. § 3929 and his remote crimes of theft by unlawful taking under 18 Pa.C.S. § 3921[6] and receiving stolen property under 18 Pa.C.S. § 3925, further discussion is necessary.

Our Court of Appeals has held that petit larceny, burglary and theft are not *crimen falsi* crimes. *See Government of Virgin Islands v. Testamark*, 528 F. 2d 742 (3d Cir. 1976)(petit larceny); *Walker*, 385 F.3d at 333 (burglary); *United States v. Johnson*, 388 F.3d 96, 100-102 (3rd Cir. 2004)(theft). Thus, subject to the time period set forth for remote crimes under Rule 609(b), these crimes are only admissible if they qualify under Rule 609(a)(1).

*Johnson* specifically addressed a prior conviction under section 3921 of the Pennsylvania Crimes Code, found that it was error for the district court to admit same and remanded the case for further consideration of the balancing test under Rule 403. *Johnson*, 388 F.3d at 102-03. While Defendants maintain that *Johnson* is distinguishable because the government conceded in that case that theft under section 3921, was not *crimen falsi* and, should not control here, in this Court's estimation, Defendants' reading of *Johnson* is too narrow and *Johnson* controls the resolution of this

---

[6]

Section 3921 of the Pennsylvania Crimes Code states as follows:

> (a) MOVABLE PROPERTY. --A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
>
> (b) IMMOVABLE PROPERTY. --A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

18 Pa.C.S. § 3921.

dispute. Therefore, Plaintiff's prior conviction under 3921 is not *crimen falsi* and said prior conviction can only be admitted if it qualifies under Rule 609(a)(1) and–given the age of the conviction–Rule 609(b). Likewise, Plaintiff's remote crime of receiving stolen property under section 3925[7] is likely controlled by *Johnson* given the use of statutory language akin to that under section 3921.

The Court of Appeals has not specifically addressed whether attempted retail theft under section 3929 is a *crimen falsi* crime, although the outcome in *Johnson* would suggest that such crime is not *crimen falsi*. However, the Court must look not only to *Johnson* but also to the language of the statute, which provides that:

> (a) OFFENSE DEFINED.-- A person is guilty of a retail theft if he:
>
> (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;
>
> (2) alters, transfers or removes any label, price tag marking, indicia

---

[7]
Section 3925, Receiving stolen property, provides that:

> (a) Offense defined.--A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.
>
> (b) Definition.--As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S. § 3925.

>of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;
>
>(3) transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof; or
>
>(4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.
>
>(5) destroys, removes, renders inoperative or deactivates any inventory control tag, security strip or any other mechanism designed or employed to prevent an offense under this section with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof.

18 Pa.C.S. § 3929. Certain aspects of this crime clearly require proof of dishonesty, including subsections (a)(2)-(a)(5), which require dishonest actions more than that required of a theft conviction under section 3921. In addition, at least two district courts have concluded that retail theft is *crimen falsi*, *see Chappel v. Folino,* 2009 WL 1422575, at *9 (E.D. Pa. 2009) and *United States v. McIntosh*, 2006 U.S. Dist. LEXIS 37276 (M.D. Pa. Feb. 7, 2006), relying on Pennsylvania court decisions that have found that such crime involves dishonesty. Given the language of section 3929, and the decisions in *Chappel* and *McIntosh*, which the Court finds persuasive, Plaintiff's retail theft conviction is *crimen falsi* and shall be admitted to impeach his credibility at trial.

To this point, Defendants have not argued that Plaintiff's remote convictions, those for theft and receiving stolen property should be admissible under Rule 609(a)(1), i.e., that they are crimes punishable by more than one year. Even if they had, Defendants would have to overcome Rule

8

609(b), that is, demonstrate to the Court that the probative value of such conviction substantially outweighs the prejudicial effect to Plaintiff. Defendants assert that the probative value of said prior crimes is very high in this matter, as the admission of these prior crimes will establish not a single instance of like conduct, but a pattern of dishonest and unlawful behavior. Defendants maintain that because Plaintiff is the sole witness as to the events that occurred during the traffic stop at issue and Plaintiff's arrest, that the probity of his convictions outweighs any prejudice to Plaintiff. Plaintiff claims the opposite, that the admission of the remote crimes will unduly prejudice him.

In this Court's estimation, the probative value of this evidence is significant given that Plaintiff's case rests in large part on his own testimony, without any corroborating witnesses, putting his credibility squarely at issue. Moreover, the remote crimes, coupled with Plaintiff's more recent convictions that are also admissible, certainly establish a pattern of like behavior on Plaintiff's part and undermine his credibility. The prejudice to Plaintiff by admission of the remote crimes is not that great considering the admission of the other, more recent, crimes. Therefore, given the nature and circumstances of this case, and after considering Rule 609(b), Plaintiff's 1990 convictions for theft and receiving stolen property are also admissible for impeachment purposes.

B. *Drug Trafficking Convictions*

Plaintiff also requests that this Court preclude Defendants from entering into evidence at trial his prior drug trafficking convictions, for which he is presently incarcerated. (Docket No. 133). In response, Defendants concede that the probative value of said convictions is minimal, however, Defendants reserve the right to impeach Plaintiff with said information should he put the matter in issue and offer inconsistent testimony as to those matters. (Docket No. 143).

Undoubtedly, Plaintiff's drug trafficking convictions are punishable by more than one year

in prison[8] and would be admissible under Rule 609(a)(1), if the balancing of interests under Rule 403 weighed in Defendants' favor. FED.R.EVID. 609(a)(1), FED.R.EVID. 403. Given Defendants' concession as to the limited nature of the probative value of said convictions at this juncture, and the obvious prejudice to Plaintiff if said drug trafficking convictions are entered into evidence, considering the nature and circumstances of the traffic stop in this case, the Court will grant Plaintiff's motion, without prejudice. However, should Plaintiff put his present conviction or incarceration at issue, in any of phase of the trial, including the damages phase, Defendants shall be permitted to utilize such evidence.

    C.    *Plaintiff's Other Requests*

Plaintiff requests that he be permitted to drape the counsel table and that he be permitted to take and exit the witness stand out of the presence of the jury. (Docket No. 133). To the extent possible, the Court will acquiesce to such request. The Court has already made arrangements for draping. The Court's practice is to excuse the jury before counsel, parties and witnesses before any breaks and at recess.

V.    CONCLUSION

For the foregoing reasons, Plaintiff's motion in limine [133] is granted, in part, and denied, in part. It is granted to the extent that evidence of Plaintiff's drug trafficking convictions shall be excluded at trial. Said ruling is made without prejudice to Defendants re-submitting same should Plaintiff put those matters in issue. Plaintiff's motion is also granted to the extent that Plaintiff shall be permitted to place drapes around counsel table and the Court will make every attempt to permit

---

[8] Indeed, Defendant's exhibit 9 shows that he was sentenced to 5-10 years incarceration for such crimes. (Docket No. 160-1 at 1, Def.Ex. 9).

Plaintiff to take and exit the witness stand outside of the presence of the jury. Plaintiff's motion is denied in all other respects. Defendants' motion in limine [124] is granted. Defendants shall be permitted to impeach Plaintiff with his prior convictions of:

- September 11, 1990, conviction of engaging in receiving stolen property under 18 Pa.C.S. § 3925;

- September 11, 1990, conviction of theft by unlawful taking under 18 Pa.C.S. § 3921;

- May 23, 2005, conviction of criminal mischief under 18 Pa.C.S. § 3304(a)(3) due to forgery of a deed;

- December 6, 2007, conviction of attempted theft by deception under 18 Pa.C.S. § 3922;

- December 6, 2007, conviction of attempted retail theft under 18 Pa.C.S. § 3929.

It is so ORDERED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 17, 2010

cc/ecf: All counsel of record.