# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-111 |
| | ) | Judge Nora Barry Fischer |
| THE CITY OF PITTSBURGH, | ) | |
| PENNSYLVANIA, TIMOTHY KREGER, | ) | |
| MARK GOOB, JAMES JOYCE, | ) | |
| GREGORY WOODHALL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This is a civil rights case brought by Plaintiff, Charles Jackson, against Defendants, the City of Pittsburgh, Pennsylvania, Timothy Kreger, Mark Goob, James Joyce and Gregory Woodhall, arising from the officers' arrest of Plaintiff on November 2, 2001 and subsequent incarceration after a traffic stop in the Homewood section of Pittsburgh.[1] In his Pretrial Statement, Plaintiff claims special damages of $1,500 resulting from alleged damage to his car, a 1986 Black Nissan. (Docket No. 103). Subsequently, Plaintiff has claimed that he is entitled to damages in the amount of the full market value of the car and, in support, has submitted a Carfax report, with some data of his car, and a Cars.com webpage with a sales listing of a 1986 Nissan 300ZX for $10,000. (Pl. Ex. 16, 17). In addition, he has submitted a Cars.com summary listing of a number of other Nissan 300ZX cars for

---

[1] A more detailed factual summary of the events of this case can be found in the Court's Memorandum Opinion on Defendants' motion for summary judgment. (*See* Docket No. 98).

sale, for years 1986 through 1985, and with listing prices ranging from no price to $24,900. (Pl. Ex. 18).

Presently before the Court is Defendants' motion in limine seeking to exclude the proffered evidence of Plaintiff's claim for damages to the car and their brief in support of same.[2] (Docket Nos. 128, 129). Defendants contend that Plaintiff is not entitled to full market value of the car, but his damages are limited to the lesser of: the cost of any repairs plus diminution in the property's fair market value; or, the fair market value of the property minus salvage value. (Docket No. 129). They further maintain that Plaintiff's evidence supporting his damages claim, i.e., the Carfax/Cars.com reports, is insufficient because the reports contain only an approximate market value of the car and do not consider the condition of Plaintiff's car or the salvage value of same. (*Id.*). In his response and brief in support of same, Plaintiff contends that the evidence he has submitted is sufficient to support his damages claim. His counsel also details her difficulty in finding support for his damages claim, i.e., that she has been unable to locate Kelley Blue Book values for this year, make and model of a car. (Docket Nos. 147, 150).

"Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy-including (where appropriate), damages for physical injury, property damage, injury to reputation, etc." *Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2000)(citations omitted). For claims arising under 42 U.S.C. § 1983 (2006), "the level of damages is ordinarily determined according to the principles derived from the common law of torts." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306 (1986); *see also Allah v. Al-Hafeez*, 226 F.3d 247, 250

---

[2]

Counsel also argued the motion at the pretrial conference on June 16, 2010.

(3d Cir. 2000) (holding that damages for claims filed under 42 U.S.C. § 1983 (2006) are governed

by general tort-law compensation theory). The common law is reflected by the laws of Pennsylvania.

*Blanche Road Corp. v. Bensalem Twp.*, 57 F.3d 253, 265 (3d Cir. 2000). "In Pennsylvania, the

general measure of damages for permanent harm to real property is the diminution in market value

attributable to the conduct, product, or instrumentality giving rise to liability, and in situations in

which the harm is reparable, damages are assessed according to the lesser of the cost of repair or the

market value of the affected property." *Pennsylvania Dept. of General Services v. U.S. Mineral*

*Products Co.*, 587 Pa. 236, 246-47 (Pa. 2006).

Turning to the facts of this case, Plaintiff has submitted only estimates as to the potential

market value of his car in the form of listed sale prices of similar models listed for sale in

Carfax/Cars.com reports. (*See* Pl. Ex. 17, 18). He has not submitted any evidence of the estimated

costs to repair the alleged damage to his car, or an appraisal of the car's actual value but maintains

that the car had no value after the damage was done. In this Court's estimation, the sales prices

listed in the Carfax/Cars.com reports are not sufficient evidence to substantiate his damages claim,

making them speculative. Moreover, it does not appear that Plaintiff has proffered any witness with

sufficient knowledge of the value of automobiles in order to testify as to an appropriate estimate of

the value at trial, using the Carfax/Cars.com reports or not. It also appears that Plaintiff has taken

no steps to support his claim by way of seeking an estimate as to the damage to his car or an

appraisal of its actual value, salvage value or otherwise. Accordingly, Plaintiff's proposed exhibits

16, 17 and 18 will be precluded at trial.

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion [128] is

GRANTED. Therefore, Plaintiff will be precluded from introducing the proffered evidence from the

Carfax/Cars.com reports at trial.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 17, 2010

cc/ecf: All counsel of record