# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF PITTSBURGH, a PA )<br>Municipal Corporation, ET AL. )<br>)<br>Defendants. ) | Civil Action No. 07-111<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Charles Jackson's *pro se* "Motion to Purchase All Transcripts In Forma Pauperis" (Docket No. [219]), filed on October 14, 2010. Upon consideration of Plaintiff's submission and for the following reasons, IT IS HEREBY ORDERED that Plaintiff's Motion [219] is DENIED, without prejudice.

This civil rights case was tried before a jury for five days from August 23, 2010 through August 27, 2010. (Docket No. 204). Plaintiff was represented by counsel, Bonnie Kift, Esquire, during said trial. At the conclusion of all of the evidence, the Court granted Defendants Timothy Kreger, Mark Goob, James Joyce and Gregory Woodhall's (the "Defendant Officers") motion for judgment as a matter of law on Plaintiff's claim that an inventory search of his vehicle and the seizure of his vehicle violated his Fourth Amendment rights. (Docket No. 204). After deliberations, the jury entered a verdict against Plaintiff on the remainder of his constitutional claims against the Defendant Officers, including his unlawful arrest and excessive force claims. (Docket No. 206). The Court then dismissed Plaintiff's claims against Defendant, the City of Pittsburgh, because the underlying claims against the Defendant Officers, upon which Plaintiff's

*Monell* claim against the City relied, had been dismissed. (Docket No. 208).

Subsequently, Plaintiff filed a *pro se* Notice of Appeal. (Docket No. 214). In an Order of Court issued on September 17, 2010, the Court construed Plaintiff's filing as including a motion for a new trial under Rule 59 and ordered the Defendants to respond to this motion.[1] (Docket No. 216). The Court also denied Plaintiff's request that he be granted an indefinite extension of time within which to amend his motion for a new trial but granted Plaintiff leave to appeal in forma pauperis. (*Id.*).

Later, Plaintiff filed a supplement to his motion for a new trial under Rule 59(b) and a motion for reconsideration under Rule 59(e). (Docket No. 218). This filing was received by the Court on October 4, 2010. (*Id.*). Defendants challenged the timeliness of these motions under Rules 59(b) and 59(e), which require said motions to be filed within 28 days of judgment.[2] (Docket No. 220). Plaintiff responded by averring that his filing was timely because he placed it in the prison mail system on September 17, 2010, within the applicable 28-day period. (Docket No. 225). Upon consideration of the parties' arguments, the Court found that the prisoner mail box rule was applicable and that Plaintiff's motions were timely because his filing was received as of September 17, 2010. (Docket No. 227); *see Houston v. Lack*, 487 U.S. 266, 271 (1988), *see also Asford v. Bartz*, Civ. A. No. 1:04-cv-00642, 2010 WL 272009 (M.D. Pa. Jan. 20, 2010)(applying prisoner mailbox rule to a motion for a new trial). The Court then set a briefing

---

[1] Likewise, the United States Court of Appeals for the Third Circuit issued an Order on September 27, 2010 staying Plaintiff's appeal and requiring this Court to rule on the post-decision motion. (Docket No. 224).

[2] *See* further discussion at p. 5, *infra*.

schedule regarding Plaintiff's motion for new trial, his supplemental motion and his motion for reconsideration. (Docket No. 227). Pursuant to this Order, Defendants' response to Plaintiff's motions is due on December 31, 2010 and any further reply by Plaintiff is due by January 31, 2011. (*Id*.).

With that background, the Court turns to Plaintiff's present motion wherein he requests that he be provided with the trial transcripts at government expense. (Docket No. 219). In said motion, Plaintiff states only that "Plaintiff (Charles Jackson) requests this Honorable Court to purchase all transcripts in forma pauperis and to amend Rule 59 and 59(E) Motions 30 days after transcripts are received." (*Id*.).

To the extent that Plaintiff requests that the trial transcripts be produced in order to support his motion for new trial, his supplemental motion for a new trial and his motion for reconsideration that are presently before the Court, (Docket Nos. 214, 218), Plaintiff has failed to demonstrate that production of the trial transcripts at government expense is necessary or warranted at this juncture. "Ordinarily a party in a civil lawsuit must pay the court reporter for any transcript he wishes to obtain." *Williams v. Griffin*, Civ. A. No. 5:04-cv-417, 2009 WL 365159, at *2 (M.D. Ga. Feb. 6, 2009). Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). "For virtually all other purposes a free transcript is a privilege committed to the discretion of the trial judge." *United States v. Banks*, 369 F.Supp. 951, 953 (D.C.Pa. 1974) (denying an indigent defendant's transcript request to support a motion for new trial in a criminal case). The Court should consider the necessity of

3

the transcripts "when deciding whether the government should bear the significant cost of ordering a transcript." *Rodriguez v. Love*, 1991 WL 87056, at *1 (E.D. Pa. May 21, 1991); *see also Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 600 (3d Cir. 1989); *Winding v. GEO Enterprises*, Civ. A. No. 4:07cv69-FKB, 2010 WL 1141093, at *1 (S.D. Miss. Mar. 19, 2010) (citing *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997)) ("In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal.").

Plaintiff had not been granted leave to proceed in forma pauperis initially in this action, although the Court has since granted his request to proceed in forma pauperis on appeal given his present incarceration. (Docket No. 216). However, he has not provided the Court with any rationale in support of his request for free transcripts. Moreover, Plaintiff has raised numerous issues in support of his post-trial motions and did so without the benefit of the trial transcripts. (Docket Nos. 214, 218). In addition, despite the fact that Plaintiff filed the present motions *pro se*, he continues to receive advice and assistance from his trial counsel, Bonnie Kift, Esquire, including with regard to the pending Rule 59 motions.[3] (Docket No. 228 at ¶¶ 1-8, 13). Considering these submissions, and the fact that Plaintiff continues to receive assistance from Ms. Kift, Plaintiff has not demonstrated that the trial transcripts are necessary to prosecute the present motions and the Court will not exercise its discretion and order that Plaintiff be provided

---

[3] The Court notes that it issued a Rule to Show Cause on Ms. Kift on November 15, 2010, ordering her to show cause why sanctions should not be imposed due to her failure to file a withdrawal of appearance in this case prior to Plaintiff filing *pro se* motions with the Court. (Docket No. 226). In her response, Ms. Kift advised that she has continued to represent Plaintiff in a limited capacity post-trial. (Docket No. 228). This matter remains pending before the Court as of the filing of this Memorandum Order.

with the trial transcripts at government expense. *See Banks*, 369 F.Supp. at 953. Accordingly, Plaintiff's motion is denied to the extent that he requests that he be provided with the trial transcripts at government expense in order to support his pending post-trial motions.

Given this disposition, Plaintiff's motion for an extension of time within which to file amended motions under Rules 59(b) and 59(e) 30 days after the receipt of the trial transcripts is denied, as moot. The Court also notes that it lacks jurisdiction to extend the 28-day time periods for the submission of motions under Rules 59(b) and 59(e) and thereby is without authority to grant Plaintiff's request for a 30-day extension of time to file such motions. *See* FED.R.CIV.P. 6(b)(2) (Rule 6(b)(2) explicitly provides that "a court must not extend the time to act under Rules ... 59(b) ... and (e)."); *see also Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 402 (3d Cir. 2003) (holding that the district court lacked authority to extend the 10 day period in the former version of Rule 59(b)).

Finally, to the extent that Plaintiff requests that the trial transcripts be prepared for purposes of his appeal to the United States Court of Appeals for the Third Circuit, Plaintiff's appeal has been stayed pending the Court's disposition of his post-trial motions. (Docket No. 216). Thus, Plaintiff's motion for a trial transcript at government expense under 28 U.S.C. § 753(f) in support of his appeal is denied, without prejudice to his re-submitting his request after the disposition of the post-trial motions.

                                       *s/Nora Barry Fischer*
                                       Nora Barry Fischer
                                       United States District Judge

Date: November 24, 2010

cc/ecf: All counsel of record.

cc: Charles Jackson, *pro se*
HH8901
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200