## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES JACKSON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-111 |
| vs. | ) | Judge Nora Barry Fischer |
| | ) | |
| THE CITY OF PITTSBURGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 8th day of September, 2011, upon consideration of Plaintiff Charles Jackson's "Motion for Relief of Judgment and New Trial Pursuant to FRCP Rule 60(b)(3) and 60(b)(6)" (Docket No. [263]), Rule 60(b) of the Federal Rules of Civil Procedure and precedent interpreting same, IT IS HEREBY ORDERED that Plaintiff's motion [263] is DENIED.   In so holding, the Court notes the following.

Plaintiff first invokes Rule 60(b)(3) and asserts that defense counsel committed fraud, misconduct or made misrepresentations during trial regarding two separate issues, i.e., (1) an alleged failure of the defense to produce the criminal complaint/affidavit of probable cause during this case and to include same as part of Joint Exhibit 4 at trial; and (2) an alleged misrepresentation by defense counsel during trial when he presented Plaintiff with an incorrect document during his cross-examination and/or misrepresented the content of such document.   (Docket No. 263 at 2-6).   The Court set forth the applicable standard of review as to motions under Rule 60(b)(3) in its August 8, 2011 Memorandum Opinion, *see Jackson v. City of Pittsburgh*, Civ. A. No. 07-111, 2011 WL 3443951, at *29  (W.D.Pa. Aug. 8, 2011), Docket No. 260, recognizing that a litigant

1

bears a "heavy burden" and must prove allegations of fraud, misrepresentations or misconduct against an opposing party by clear and convincing evidence. Plaintiff previously raised the issue regarding Joint Exhibit 4 and the Court denied him relief under Rule 60(b)(3). *Id* at *29-32. His present arguments regarding Joint Exhibit 4 fail for the same reasons. *Id*. Likewise, Plaintiff's second set of allegations against defense counsel must also fail under Rule 60(b)(3) inasmuch as he yet again failed to meet his heavy burden to prove that defense counsel made any misrepresentations or committed acts of fraud or other misconduct with respect to the documents used to cross-examine Plaintiff. Accordingly, Plaintiff's motion must be denied to the extent that he relies upon Rule 60(b)(3).

Plaintiff raises a third issue which challenges this Court's ruling at trial that his prior drug conviction was admissible to impeach his credibility. (Docket No. 263 at 7-11). As he alleges only errors by the Court, this argument potentially raises a claim under Rule 60(b)(6). Fed.R.Civ.P. 60(b)(6). The Court explicitly recognized in its August 8, 2011 Memorandum Opinion that Plaintiff had not raised this issue in any of his numerous post-trial filings. *See Jackson v. City of Pittsburgh*, 2011 WL 3443951 at *19, n.27. In any event, Plaintiff's Rule 60(b)(6) motion must fail because his assertions of alleged legal errors by the Court are not the type of "extraordinary circumstances," *see Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008), sufficient to warrant relief from the judgment entered against him under Rule 60(b)(6). Indeed, the United States Court of Appeals for the Third Circuit has recognized that "a Rule 60(b) motion 'may not be used as a substitute for an appeal, and [an allegation of] legal error, without more' does not warrant relief under that provision." *United State v. Fiorelli*, 337 F.3d 282, 288 (3d Cir.

2

2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)); *see also Paige v. Holt*, 2011 WL 2938253, at *2 (3d Cir. Jul. 15, 2011) (citing *Fiorelli*).  Plaintiff's motion raises only legal issues that may be addressed on a properly submitted appeal to the United States Court of Appeals for the Third Circuit; hence, his motion must be denied under Rule 60(b)(6) as well.[1]

Finally, to the extent that Plaintiff seeks a new trial under Rule 59(b), said motion is denied as it is untimely.  As the Court previously recognized, any motion for a new trial must be brought within 28 days of the entry of judgment and this Court lacks authority to extend the 28-day time period.  *See Jackson*, 2011 WL 344951, at *9.  The present motion was filed nearly a year after judgment was entered on August 27, 2011, and thus is clearly too late for consideration.  *Id.*; *see also* Docket No. 263.  Accordingly, Plaintiff's motion is denied to the extent that he seeks a new trial.

For these reasons, Plaintiff's "Motion for Relief of Judgment and New Trial Pursuant to FRCP Rule 60(b)(3) and 60(b)(6)" [249] is DENIED.


*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All counsel of record

cc:      Charles Jackson, *pro se*
         HH8901
         SCI Camp Hill
         P.O. Box 200
         Camp Hill, PA 17001-0200

---

[1]      The Court notes that Plaintiff filed a *pro se* notice of appeal on September 14, 2010.  (Docket No. 214).  His appeal was stayed pending this Court's resolution of Plaintiff's post-trial motions.  (Docket No. 224).